UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                          Plaintiff,     )<br>                                                )<br>-v-                                           )<br>                                                )<br>DEMETRESS LASHAWN BRYANT,  )<br>                          Defendant.  )<br>_____ ) | No. 1:19-pt-29<br><br>Honorable Paul L. Maloney |

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Bryant seeks early termination of his eight-year term of supervised release. (ECF No. 5.) The Court will deny the motion without prejudice.

In 2008, Bryant pled guilty to distribution of 50 grams or more of crack cocaine. The other thirteen charges were dismissed. Judge Thomas Ludington sentenced Bryant to 240 months imprisonment, followed by 10 years of supervised release. The Court determined Bryant ineligible for the various amendments to the Sentencing Guidelines over the years because he was serving a mandatory minimum sentence. When Congress made the Fair Sentencing Act changes retroactive through the First Step Act, Bryant became eligible for a sentence reduction. In April 2019, after serving more than eleven years of his sentence, Judge Ludington reduced Bryant's sentence to time served and also reduced the term of supervised release to 8 years. (ECF No. 4-6 PageID.77.)

Bryant is eligible for early termination of supervised release. After a defendant has served one year of a longer term of supervised release, a court has the authority to terminate the remainder of the term and discharge the defendant. *See* 18 U.S.C. § 3583(e)(1); *United*

*States v. Spinelle*, 41 F.3d 1056, 1059 (6th Cir. 1994). Bryant has been on supervised release for approximately fifteen months.

Before terminating the remainder of the term, the court must be "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). The statute directs the court to consider the factors set forth in the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7). The decision to terminate the remaining term of supervised release falls within the court's discretion. *Spinelle*, 41 F.3d at 1059.

Bryant identifies three reasons for early termination of supervised release: (1) post-sentence conduct including his efforts in prison and while on supervised release; (2) interests of justice; and (3) he does not pose a threat to the community.

The Court has considered the relevant factors. Weighing heavily against Bryant are the nature and circumstances of his offense and his criminal history. Although he pled to a single count for distribution, the Government alleged he was involved in a large conspiracy to distribute controlled substances. Over the course of the investigation, Bryant made multiple sales which were confirmed by the Government. The Government alleged that Bryant brought two of his children with him to one of the sales. The Government also alleged that Bryant became involved in this conspiracy less than two years after he was released from a term of imprisonment and only months after release from parole. His criminal history indicates a need for deterrence from future criminal conduct.

The Court acknowledges Bryant has made good use of his time in prison and his time on supervised release. He participated in rehabilitation programs and job training programs. He is employed. In January, the probation officer placed Bryant on the lowest level of supervised release. The Court is unaware of any outstanding restitution. The Court is not aware of any need for continued vocational training, rehabilitation programs, or medical needs. While these efforts are commendable, Bryant has not yet convinced the Court that he would not continue to benefit from the lowest level of supervision. Based on his history, a low risk of recidivism is not the absence of risk of recidivism.

Therefore, the Court **DENIES without prejudice** Bryant's motion for early termination of supervised release. (ECF No. 5.) **IT IS SO ORDERED.**

Date: July 13, 2020                                    /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       United States District Judge