UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br><br>-v-<br><br>DEMETRESS LASHAWN BRYANT,<br>　　　　　　　　　Defendant. | )<br>)<br>)　　No. 1:19-pt-29<br>)<br>)　　Honorable Paul L. Maloney<br>)<br>)<br>) |

## ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Bryant filed a second motion for early termination of supervised release. (ECF No. 7.) The Court will deny the motion.

Defendant pled guilty to one count of distribution of 50 grams or more of crack cocaine. In exchange, the Government dismissed thirteen other charges. Judge Thomas Ludington sentence Defendant to 240 years imprisonment and 10 years of supervised release. Following the retroactive changes made under the First Step Act, Defendant became eligible for a sentence reduction. In April 2019, after serving more than 11 years of his 20 year sentence, Judge Ludington reduced Defendant's sentence to time served and also reduced the term of supervised release to 8 years.

In June 2020, having served approximately 14 months on supervised release, Defendant filed a motion to terminate supervised release, which the Court denied. (ECF No. 6.)

In April 2021, Defendant renewed his request. Other than the passage of time, nothing has changed. Defendant remains on the lowest level of supervision. Defendant

argues that a presumption for the recommendation of early termination of supervised release exists when a defendant meets certain criteria, which he does meet. *See United States v. Shaw*, 445 F. Supp. 3d 1160, 1163-64 (D. Col. 2020) (discussing a recommendation adopted by the Judicial Conference in a July 2018 publication, "Guide to Judiciary Policy"). But, the publication does not bind this Court and no such presumption of termination arises under law.

The same reasons the Court denied Defendant's earlier request to terminate remain in effect. The Court concludes both Defendant and the public would benefit from remaining on supervised release, even at the lowest level of supervision. Should Defendant continue to comply with the terms of supervision, he may renew this motion in November 2022, after he has served approximately three-and-a-half years of his eight-year term of supervised release.

For these reasons, the Court **DENIES** Defendant's motion for early termination of supervised release. **IT IS SO ORDERED.**

Date: July 13, 2021                                             /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge